**SO ORDERED.**

**SIGNED this 25 day of February, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| GENE MYRICK and<br>LUCINDA MYRICK, | 09-08901-8-JRL |
| DEBTORS. | Chapter 13 |

### ORDER

This case is before the court on the motion of Udofia Family Partnership ("Movant") for relief from the automatic stay. A hearing took place in Raleigh, North Carolina on February 11, 2010.

On October 12, 2009, Movant filed a civil action in Wake County Superior Court against the male debtor and Myrick Properties, LLC alleging, inter alia, breach of contract, fraud and unfair and deceptive trade practices arising out of Movant's investments with the male debtor. The next day, the debtors filed for protection under Chapter 13 of the Bankruptcy Code. Upon their filing, an automatic stay immediately went into effect, prohibiting Movant from further pursuing its civil action. See 11 U.S.C. § 362(a) (providing that an automatic stay goes into effect immediately upon the filing of a bankruptcy petition and prohibits all entities from litigation, lien enforcement, and other attempts to enforce or collect prepetition claims).

Section 362(d) of the Bankruptcy Code provides that the bankruptcy court may lift the

stay "for cause," but does not provide a definition of what constitutes "cause." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). Thus, courts must determine when discretionary relief is appropriate on a case-by-case basis. Id. In deciding whether to lift the stay as to litigation pending in another forum, the court must balance potential prejudice to the debtor and the debtor's estate if the stay is lifted and litigation is permitted to proceed in another forum against the hardships that will be experienced by the moving party if relief is denied and the moving party is required to pursue the litigation in the bankruptcy court. In re Joyner, 416 B.R. 190, 192 (M.D.N.C. 2009). In making this determination, courts have focused primarily upon the following factors:

> (1) whether the issues in the pending litigation involve only state law, so that the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id.

The court finds that the goals of judicial economy and administration of the estate are best served by denying the requested relief. Pursuant to 11 U.S.C. § 501 and Rule 3002(a), an unsecured creditor that wishes to participate in the distribution process in a Chapter 13 case must timely file a proof of claim with the bankruptcy court. After the passage of the claims bar date, the claimant cannot participate in the reorganization process unless sufficient grounds for failure to file a proof of claim are established. In re Spiegel, Inc., 337 B.R. 816, 819 (S.D.N.Y. 2006). Movant failed to file a proof of claim prior to the claims bar date and has not established sufficient grounds for its failure to do so. As such, the claim Movant seeks to litigate in state court will be discharged in bankruptcy court upon the debtors' completion of the payments

required under the plan. See 11 U.S.C. § 1328(a). The court finds that the administration of the estate would be hampered by deferring to state court under such circumstances.

Further, allowing all of the claims to be determined in one proceeding promotes judicial economy and avoids the hardship on the debtors that would result if they were required to litigate some of the claims in state court and some of them in this court. See Joyner, 416 B.R. at 193.

Based on the foregoing, the motion for relief from the automatic stay is **DENIED**.

**"END OF DOCUMENT"**